**Van Riper v. Germantown Insurance Co.**

*M. Patricia Carroll,* for plaintiff.
*Joseph R. Davison,* for defendant.

FORER, *J.,* November 23, 1981—This is an action for a mandatory injunction to require the insurance company to fulfill its obligations under the policy. Defendant agrees that plaintiff is disabled under the terms of the policy.

The court makes the following findings of fact:

(1) Plaintiff, Mr. W. Russell Van Riper, is the insured.

(2) Defendant is Germantown Insurance Company.

(3) On July 23, 1980, in response to a solicitation from his mortgagee, plaintiff applied to defendant and obtained mortgage, accident, sickness and liability insurance to cover his mortgage payments for which he paid an additional premium of $16 a month.

(4) The application form which plaintiff signed states: "I am working full-time at my present occupation, I am in good health, not under the care of a

doctor for any condition and do not contemplate an operation . I have not had during the past five years high blood pressure, diabetes, mental disorder, cancer, ulcer or any disease of the heart, lung, kidney, liver or brain."

(5) The court finds that these were true statements on July 23, 1980.

(6) Plaintiff's medical history as disclosed in the evidence is as follows: Plaintiff's only medical problem is that he had been an alcoholic. From January 1971 to September 1978 he had not had anything to drink. He was employed and apparently otherwise in good health. From January 1979, there was a period of back sliding in which he was drinking from September 1978 to January 1979. He was treated by a physician and was apparently cured. As of January 1979, he had completely stopped drinking and was again sober. Between January of 1979 and July 23, 1980, when he signed the application he was apparently in good health and completely sober. He had been seen by several physicians, who according to the testimony before this court, told him that he was in good health.

(7) In October 1980, as a result of many unfortunate circumstances plaintiff began to drink. He was hospitalized. He developed an ulcer. He was discharged from his employment as of April 17, 1981 and he is suffering, apparently, from acute anemia.

(8) Plaintiff applied for medical insurance under the policy.

(9) Defendant sought to avoid the policy and offered to reimburse plaintiff $800 representing premiums paid.

(10) Plaintiff will suffer irreparable harm if the payments are not forthcoming.

## DISCUSSION

Plaintiff's unemployment for medical reasons is what he was paying the premiums for. Not only is the danger imminent but is practically a certainty. There is a causal connection between the irreparable harm plaintiff will suffer, that is the loss of his home, and the suspension of the insurance payments. The insurance was obtained precisely to cover this kind of fortuity. It would be at a minimum four to six months even on an accelerated hearing before plaintiff could have his matter heard at law and an order issued. In that period of time there might well be a foreclosure. The court takes judicial notice of the fact that it would be extremely difficult to borrow money at the present time and that the interest rate would be extraordinarily high.

Alcoholism is a disease. There is, however, no medical evidence that such a disease is incurable. The application and the policy must be construed against the maker. There is no question on this policy with respect to alcoholism, nor is there any question, for example, with respect to any disability for more than five years past. Thus, if a person had cancer six years before making the application and was in a state of remission, the person could truthfully answer this enrollment application "No" and a policy could be issued even though there might be medical testimony that the person's condition was incurable. There is no evidence on the record before me, however, that plaintiff's alcoholism is an incurable disease. The insurance company could have protected itself against this kind of risk if it had chosen to do so.

As for the clean hands argument, plaintiff's misstatement with respect to doctors seen and hospitalizations within the past five years occurred

after the obligation of the insurance company became operative. This misstatement could not in any way have induced defendant to issue the policy. The fact that defendant chose not to investigate or examine or inquire into the medical condition of applicants with greater particularity cannot, when a claim arises, shift the burden to the insured to disclose matters that were never inquired into.

The court reaches the following conclusions of law:

(1) There is a causal connection between the imminent irreparable harm threatened plaintiff and the refusal by defendant to pay the insurance benefits.

(2) Plaintiff does not have an adequate remedy at law.

(3) Plaintiff's right to receive benefits is clear and convincing.

(4) Plaintiff's misstatement on the claim application, not being material to the risk, does not bar his recovery.

Accordingly, a mandatory injunction is issued this day ordering defendant to pay the sickness benefits under the policy forthwith, including back payments. Plaintiff will post a bond in the sum of $1,500.